## Arthur J. Stevens, Defendant in Error, v. Ferdinand Weyer, Plaintiff in Error.

## Gen. No. 16,216.

FORCIBLE ENTRY AND DETAINER—*when right to possession established as against vendee failing to perform.* A conveyance by the vendor to the plaintiff coupled with an assignment of the contract of purchase which was breached sufficiently establishes the right to possession.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912. Rehearing denied April 25, 1912.

CUNNEA, SCULLY & RAFFERTY, for plaintiff in error.

DAVID EICHBERG, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action in forcible detainer, in which Arthur J. Stevens obtained a judgment against Ferdinand Weyer for possession of the premises, No. 7010 Marshfield avenue, Chicago, which judgment we are asked to reverse.

It appears that on June 17, 1909, one James H. Collins sold to Weyer the aforesaid premises under a contract signed by both parties, which provided that Weyer should make a cash payment on said date of $70; $30 on June 23, 1909; $25 on August 5, 1909, and $25 on the 5th day of each succeeding month until the purchase price was fully paid. Said contract also contained these further provisions:

"In case of failure of the said second party to make either of the said payments, or any part thereof, or to perform any of the covenants or agreements on his part hereby made and entered into then this contract

shall, at the option of the said first party, be forfeited and determined, and said second party shall forfeit all payments made by him on this contract and all interest right to said premises shall be retained by the said first party in full satisfaction and liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the said premises aforesaid.

"It is further agreed by and between the parties hereto, that the time of payment shall be the essence of this contract and all of the provisions hereof, and that all of the agreements and covenants herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties hereto, but it is expressly agreed that this contract shall not be sold or assigned by the said second party without the written consent of the first party first had and obtained."

Collins afterwards signed and acknowledged a deed before a notary public in the office of Stevens, conveying said premises to Stevens, and left the same with the notary public. He also, on July 1, 1909, signed an assignment on the back of the contract of purchase, by which, for one dollar and other good and valuable considerations, he assigned "the within contract to Arthur J. Stevens, and guarantee the fulfillment of all the conditions by the parties to it."

The only payments made by Weyer were the cash payment of $70 and the $30 due June 23, 1909. On October 25, 1909, Stevens caused a written notice to be served on Weyer, to the effect that unless the arrears of installments due under the contract were paid before October 30, 1909, the contract would be forfeited; and again on November 1, 1909, a more formal written notice was served on Weyer, to the effect that said contract had been declared forfeited on account of defaults in the payment of installments, and demanding immediate possession of the premises.

The defense is that there was not a sufficient show-

ing of the right of possession in Stevens to entitle him to a judgment.

We are of the opinion that by the assignment Stevens succeeded to all the rights of Collins under the contract, and this, together with the evidence of the execution of the deed from Collins to Stevens, was sufficient evidence of Stevens' right to possession.

The judgment is affirmed.

*Affirmed.*